IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY BEVERS,                     )<br>                                     )<br>          Plaintiff,                 )<br>                                     )<br>     v.                              )<br>                                     )<br> LIBERTY LIFE ASSURANCE              )<br> COMPANY OF BOSTON; LIBERTY          )<br> MUTUAL INSURANCE COMPANY LONG       )<br> TERM DISABILITY PLAN,               )<br>                                     )<br>          Defendants.                )<br> _____ ) | 2:06-cv-1846-GEB-EFB<br><br>ORDER RE: SETTLEMENT<br>AND DISPOSITION |

     On July 9, 2007, the parties filed a Notice of Settlement in which they state "the above-captioned matter has been settled" and dispositional documents "will be filed with the Court by August 5, 2007." Therefore, a dispositional document shall be filed no later than August 5, 2007. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See L.R. 16-160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

     The parties also request that the Court "vacate all court dates, including plaintiff's pending Motion for Summary Judgment or,

in the Alternative, Summary Adjudication," presently scheduled for hearing on July 23, 2007.  The hearing on that motion is rescheduled to commence at 10:00 a.m. on September 10, 2007.  Therefore the final pre-trial conference is rescheduled to commence at 1:30 p.m. on November 5, 2007.[1]

IT IS SO ORDERED.

Dated:  July 10, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] All court dates are not vacated as the parties' request because the mere representation that an action has been settled does not justify removal of the action from a district court's trial docket.  Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2